PEOPLE v FERNENGEL

Docket No. 180586. Submitted January 10, 1996, at Detroit. Decided April 26, 1996, at 9:25 A.M. Leave to appeal sought.

Val R. Fernengel was convicted by a jury in the Barry Circuit Court, Patrick H. McCauley, J., of carrying a concealed weapon and possession of a firearm by a felon. He then pleaded guilty of being a fourth-offense habitual offender and was sentenced. The defendant appealed, alleging the trial court erred in denying his motion to suppress evidence found during a search of his vehicle, which took place after the defendant, a restauranteur delivering food orderd by the police, got out of the vehicle and began walking away from the vehicle and was arrested pursuant to an outstanding felony warrant.

The Court of Appeals *held:*

The defendant's motion to suppress the evidence should have been granted. The exception to the warrant requirement pertaining to a search incident to an arrest is not applicable under the circumstances of this case. Because the defendant had voluntarily left the vehicle and the vehicle was not within the defendant's immediate control at the time of the arrest, the search was not incident to a lawful arrest and suppression of the evidence was proper. The trial court's denial of the motion to suppress must be reversed and the matter must be remanded to the trial court for further proceedings.

Reversed and remanded.

O'CONNELL, J., dissenting, stated that the search of the vehicle was not so removed in time or space that it can immediately be determined to be unreasonable, the pertinent constitutional standard. Given the defendant's proximity in time and location to the open door of his vehicle and the loaded pistol in the pocket attached to the door, the trial court properly found that both the arrest and the search were lawful. Lawful searches have been conducted in situations far more removed in time and space than the search conducted here and in situations where there is virtually no possibility that the defendant will be able to obtain a hidden weapon. The search in this case was reasonable and simply prudent police work.

Searches and Seizures — Automobiles — Searches Incident to an Arrest.
   A police officer may search without a warrant the passenger compart-
   ment of an automobile as a contemporaneous incident of the arrest
   of a defendant where the officer initiated contact with the defend-
   ant while the defendant was still within the automobile later
   searched, regardless of whether the defendant was arrested while
   actually occupying the automobile or after having recently been
   removed from the automobile; however, where a defendant volun-
   tarily gets out of an automobile and begins walking away from it
   before contact is initiated by an officer, a case-by-case analysis of
   the reasonableness of an ensuing search of the vehicle is neces-
   sary; where the passenger compartment of the automobile is not
   within the defendant's immediate control at the time of the arrest,
   the search may be found not to be incident to a lawful arrest and
   suppression of evidence found in the search may be proper.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Dale A. Crowley*, Prosecuting Attorney, and *Jonathan C. Pierce*, Assistant Attorney General, for the people.

State Appellate Defender (by *Rolf E. Berg*), for the defendant on appeal.

Before: WAHLS, P.J., and REILLY and O'CONNELL, JJ.

REILLY, J. Defendant was convicted by a jury of carrying a concealed weapon, MCL 750.227; MSA 28.424, and possession of a firearm by a felon, MCL 750.224f; MSA 28.421(6), and later pleaded guilty of being a fourth-offense habitual offender, MCL 769.12; MSA 28.1084. He was sentenced to two concurrent prison terms of ten to fifteen years and appeals as of right. We conclude that defendant's motion to suppress evidence found during a search of his vehicle should have been granted because the search incident to an arrest exception to the warrant requirement is not applicable under the circumstances of this case.

Defendant was the owner of a restaurant. While investigating defendant with regard to a complaint unrelated to the present case, the police learned that there was an outstanding felony warrant for defendant from Illinois concerning a deceptive practice complaint. The warrant was confirmed at approximately 4:30 P.M.

In order to effectuate an arrest, the police officers called defendant's business and requested delivery of some food to the public safety building, which was two blocks away from defendant's business. Defendant drove to the building in his van, got out, and began walking toward the building carrying the food. When he was approximately twenty to twenty-five feet away from the van, he was approached by two officers and was placed under arrest. While he was being handcuffed, other officers searched his van and discovered a pistol that is the basis for defendant's convictions in this case.

Defendant contends that the search of his van without a warrant was unconstitutional. The prosecution contends that the officers were permitted to search the van incident to defendant's arrest.

The issue in this case concerns the scope of the search incident to an arrest exception to the warrant requirement. In *New York v Belton*, 453 US 454, 460; 101 S Ct 2860; 69 L Ed 2d 768 (1981), the Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." The difficulty in this case is that defendant was not arrested while he was an occupant of the vehicle. Our review of the cases of the courts of this state

applying *Belton* has not revealed a case addressing whether police officers may search the passenger compartment of a vehicle when a defendant has voluntarily left the vehicle before the police initiated contact. However, in determining the scope of *Belton*, we have found guidance in the decisions of the Court of Appeals for the Sixth Circuit.

The Sixth Circuit Court of Appeals discussed its previous holdings concerning the scope of *Belton*, *supra*, in *United States v Hudgins*, 52 F3d 115, 119 (CA 6, 1995):

> The search of an automobile is generally reasonable even if the defendant has already been removed from the automobile to be searched and is under the control of the officer.
>
> Where the officer initiates contact with the defendant, either by actually confronting the defendant or by signaling confrontation with the defendant, while the defendant is still in the automobile, and the officer subsequently arrests the defendant (regardless of whether the defendant has been removed from or has exited the automobile), a subsequent search of the automobile's passenger compartment falls within the scope of *Belton* and will be upheld as reasonable. Our decisions have consistently upheld the search of the passenger compartment of an automobile when the officer initiated contact with the defendant while the defendant was still within the automobile later searched, regardless of whether the defendant was arrested while actually occupying the automobile or after having recently been removed from the automobile. However, where the defendant has voluntarily exited the automobile and begun walking away from the automobile before the officer has initiated contact with him, the case does not fall within *Belton's* bright-line rule, and a case-by-case analysis of the reasonableness of the search under *Chimel* [v *California*, 395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969)] becomes necessary. [Citations omitted.]

In its discussion in *Hudgins*, the Sixth Circuit Court of Appeals cited its decision in *United States v Strahan*, 984 F2d 155 (CA 6, 1993), a case presenting facts similar to the present case. In *Strahan*, the police were given information that the defendant was going to a lounge every day at 10:00 A.M. to sell cocaine. They observed the defendant drive his car to the lounge, park, and hurriedly leave his car. One of the officers got out of his car and arrested the defendant approximately thirty feet from the defendant's car. The officer conducted a pat-down search of the defendant and then searched the car.

The Sixth Circuit Court of Appeals agreed with Strahan that the search of his vehicle was improper. The court held that *Belton* did not apply because the defendant was approximately thirty feet from his vehicle when he was confronted and arrested by the officers. *Strahan, supra* at 159. Applying the immediate control test of *Chimel v California, supra,* the court held that "[b]ecause the passenger compartment of the vehicle was not within Strahan's 'immediate control' at the time of the arrest, the search was not incident to a lawful arrest, and suppression is proper." *Strahan, supra,* at 159.

We find the reasoning of the Sixth Circuit Court of Appeals persuasive and adopt it as our own. The confrontation with the police in this case did not occur until defendant had voluntarily left the van and was twenty to twenty-five feet away from it. Therefore, the search was outside the scope of both *Belton* and *Chimel*.

The prosecution argues that the police sought to minimize the danger that defendant, known for assaultive criminal conduct and weapons charges,

would "cause trouble" by letting him move away from his van. In denying defendant's motion to suppress, the court referred to the "prudent police work." Our decision is not intended to discourage prudence. However, prudence in the manner in which defendant was arrested did not require a search of the van without a warrant. If the officers believed they had probable cause to search the van, they should have obtained a warrant before placing their food order. If they did not have probable cause, they should not be allowed to circumvent the warrant requirement by manipulating defendant into using the vehicle just before his arrest.

*Belton* was intended to establish " '[a] single, familiar standard . . . to guide police officers, who have only limited time and expertise to reflect on and balance the social and individual interests involved in the specific circumstances they confront.' " *Id.* at 458, quoting *Dunaway v New York*, 442 US 200, 213-214; 99 S Ct 2248; 60 L Ed 2d 824 (1979). If the rule is stretched to encompass the search of a vehicle that was voluntarily vacated by a person before confrontation with the police began, the "bright-line" rule becomes hazy and uncertain. The police officers would be left to wonder what combination of temporal and spatial proximity the arrestee must have to the vehicle at the time contact was initiated to allow the search without a warrant. Although *Belton* is subject to criticism,[1] the approach of the Sixth Circuit Court of Appeals provides a more definite standard to guide police officers in their conduct.

---

[1] See 3 LaFave, Search and Seizure (2d ed), § 7.1, pp 2-20.

The prosecution does not contend that the search can be justified by reference to other exceptions to the warrant requirement. Therefore, the trial court's order denying defendant's motion to suppress is reversed.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

WAHLS, P.J., concurred.

O'CONNELL, J. (*dissenting*). I respectfully dissent. The majority concludes that the bright-line rule established by the United States Supreme Court in *New York v Belton*, 453 US 454; 101 S Ct 2860; 69 L Ed 2d 768 (1981), does not apply to the case sub judice, and it falls back on the older, more nebulous "immediate control" standard set forth in *Chimel v California*, 395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969). However, even assuming that the *Chimel* standard is the appropriate one in the present case, there exist scores of decisions suggesting that the instant dispute is not as cut and dried as the majority would have one believe. See, generally, anno: *Modern status of rule as to validity of non-consensual search and seizure made without warrant after lawful arrest as affected by lapse of time between, or difference in places of, arrest and search*, 19 ALR3d 727, § 9, pp 746-749 (search of automobile where arrest occurred near, but not in, automobile held valid).

Here, the police had ample reason to conclude that defendant was a dangerous individual and to approach defendant warily. Before the arrest, the police conducted a law enforcement information network check on defendant, which revealed that he had been charged six times with weapons offenses,

though never convicted; that he had been charged six times with kidnapping and convicted twice; that he had been charged seven times with sexual assaults and convicted twice; that he had been charged three times with assault; and that he had been charged twice with larceny. Later, at defendant's sentencing, the court determined that defendant had eight felony convictions. The police officers' caution was both warranted and rewarded: defendant was, in fact, armed as they feared, and the circumspect procedures of the police negated any possibility that defendant would use his weapon.

Further, the search conducted was not so removed in time or space that one can immediately determine that it was "unreasonable," the pertinent constitutional standard. US Const, Am IV. The majority does not contest that defendant's arrest and his act of walking from the van occurred contemporaneously. With respect to defendant's location, Chief of Police Mark Kik testified at the preliminary examination that defendant was "probably 10, 12 feet from the van" when he was arrested. At the suppression hearing, Kik averred that defendant was not more than twenty to twenty-five feet from the van when he was arrested. Finally, and most significantly, the unrefuted evidence demonstrates that defendant left the driver's side door of the van open and left a loaded pistol in the door pocket of the van door.

Given defendant's proximity in time and location to the open van door containing his firearm, I agree with the trial court's statement that "[i]t was a lawful arrest and there was a lawful search." As recognized in both *Belton* and *Chimel*, searches incident to an arrest frequently occur after a defendant has been

removed to the back seat of a patrol car and hand-cuffed. In other words, lawful searches have been conducted in situations far more removed in time and space than the search conducted in the present case, and in situations where there is virtually no possibility that the defendant will be able to obtain a hidden weapon. If these searches are deemed "reasonable," US Const, Am IV, surely the search conducted in the present case is eminently *more* reasonable. Common sense would require police officers to remove a loaded pistol from the door pocket of an open van door.

The trial court found, in light of defendant's criminal history and the proximity of the van, that the conduct of the officers was "simply prudent police work." The majority does not challenge this finding. I agree with it.

I would affirm.