_____

No. 95-2763
_____

United States of America,          *
                                   *
          Appellee,                *
                                   * Appeal from the United States
   v.                              * District Court for the
                                   * District of South Dakota
Wayne Steven Snook,                *
                                   *
          Appellant.               *

_____

Submitted:  December 12, 1995

Filed:  July 5, 1996
_____

Before McMILLIAN, JOHN R. GIBSON and BEAM, Circuit Judges.
_____

McMILLIAN, Circuit Judge.


     Wayne Steven Snook appeals from a final judgment entered in the
United States District Court[1] for the District of South Dakota, upon a jury
verdict finding him guilty of one count of possession with intent to
distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one
count of carrying a firearm in relation to a drug offense, in violation of
18 U.S.C. § 924(c).  The district court sentenced Snook under the federal
sentencing guidelines to 123 months imprisonment, seven years supervised
release and a special assessment of $100.00.  For reversal, Snook argues
the district court erred in denying his motion to suppress evidence seized
from his automobile following his arrest on a

_____

     [1]The Honorable Lawrence L. Piersol, United States District
Judge for  the District of South Dakota.

warrant. For the reasons discussed below, we affirm the judgment of the district court.

## I. Background

On January 1, 1995, a Sioux Falls police officer, John Keenan, overheard a radio call directed to another officer, David Rowe. The dispatcher informed Rowe that Snook was at a nearby car dealership, Ted Tufty Dodge, and that a warrant was outstanding for Snook's arrest for simple assault. In addition, the dispatcher gave a description of Snook and the car he was driving. Upon realizing that he was only a half block away from Ted Tufty Dodge, Keenan informed Rowe that he was in the vicinity and proceeded towards the car dealership. When Keenan arrived, he immediately saw Snook, who was just stepping out of his vehicle. At this point, the motor of Snook's car was still running.

After verifying Snook's identity, Officer Keenan searched him for weapons, handcuffed him and placed him in the back of the police car. At approximately the same time, Officer Rowe arrived in a separate vehicle. Rowe and Keenan called their supervisor and informed him that Snook had been arrested, that Snook's car was still running and that they were aware of no one who could take possession of it. The supervisor gave permission to tow the car. Keenan then left the scene to transport Snook to the Minnehaha County Jail. Rowe, who was left alone with Snook's vehicle, walked over to the vehicle to turn off the ignition. When Rowe knelt on the driver's seat to shut off the ignition, he observed what he thought to be a marijuana pipe sitting in the open ashtray of the car. In addition, while reaching over to examine the marijuana pipe, Rowe observed a .380 caliber semi-automatic handgun which slid out from underneath a jacket that was lying on the center of

the driver's seat.[2]  Rowe also found on the front passenger side floorboard a Tupperware dish which contained marijuana.  As he continued to search the front seat of the vehicle, he lifted the jacket and noticed that the left sleeve was heavy.  Upon reaching down inside the left jacket sleeve, Rowe removed a large plastic bag.  Inside this bag were several smaller bags containing various amounts of methamphetamine with a total weight of 250.2 grams.  Rowe also found a .380 caliber bullet in the pocket of the jacket. The entire search of the vehicle lasted five to six minutes.  Afterwards, Rowe waited at the scene until the tow truck arrived.

On January 19, 1995, a federal grand jury returned a two-count indictment against Snook.  Snook was charged with possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1) and carrying a firearm in relation to a drug offense under 21 U.S.C. § 924(c).  On February 14, 1995, Snook filed a motion to suppress all physical evidence seized from his vehicle at the time of his arrest.  In an Order and Memorandum dated March 20, 1995, the district court denied Snook's motion to suppress.

On March 29, 1995, the jury found Snook guilty on both counts charged in the indictment.  The district court sentenced Snook to 123 months imprisonment, seven years supervised release and a special assessment of $100.00.  This appeal followed.

## II.  Discussion

We first address our standard of appellate review.  We review the district court's factual findings for clear error and its conclusion as to whether the search violated the Fourth Amendment

---

[2]Rowe subsequently learned at the police station that Snook had a concealed weapons permit.

de novo.  See United States v. Hogan, 25 F.3d 690, 692 (8th Cir. 1994).[3]

The district court determined that, although the search of Snook's vehicle was conducted without a warrant, the contraband discovered inside the vehicle fell within the plain view exception to the search warrant requirement.[4]  As articulated by the Supreme Court in Minnesota v. Dickerson, 508 U.S. 366, 374-75 (1996), the plain view doctrine provides that "if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant."  Id.  On appeal, Snook argues that the district court erred in denying his motion to suppress the evidence seized from his vehicle, because the search violated the Fourth Amendment.  Snook argues that the plain view doctrine does not apply in the present case, because Officer Rowe unlawfully entered the vehicle in order to turn off the ignition.

Snook also argues that the search of his automobile conducted by Officer Rowe was not a lawful search incident to his arrest.  In New York v. Belton, 453 U.S. 454, 460 (1981) (Belton), the Supreme Court extended the "search incident to arrest" exception to the warrant requirement to the context of vehicle searches, holding that "when a policeman has made a lawful custodial arrest of the

---

[3]The Supreme Court has recently held that in considering the legality of police conduct undertaken without a warrant, an appellate court should review de novo the ultimate questions of probable cause and reasonable suspicion.  Ornelas v. United States, 116 S. Ct. 1657, 1663 (1996).

[4]Although the district court admitted the evidence found in Snook's automobile under the plain view doctrine, it determined that the search of the vehicle was not made incident to the arrest of Snook, under the standard set forth in New York v. Belton, 453 U.S. 454, 460 (1981), because Snook was not an "occupant" of his automobile at the time of his arrest.  Slip op. at 2.

-4-

occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile."   Id. (citations omitted).  Snook contends that this exception does not apply in the present case, because he was not an occupant of the automobile at the time of his arrest, as required by Belton, but rather had just stepped out of the car.

In response, the government maintains that the district court properly denied Snook's motion to suppress the contraband discovered inside his vehicle.  First, the government argues that Officer Rowe acted reasonably in entering Snook's car in order to turn off the ignition.  Citing Colorado v. Bertine, 479 U.S. 367, 372 (1987), the government contends that Officer Rowe had an obligation to secure Snook's vehicle from damage or theft.  Because Rowe was performing a valid post-arrest duty when he observed the marijuana pipe and handgun inside Snook's automobile, the government argues that the plain view exception squarely applies to these two items.  Further, the government maintains that the discovery of the marijuana pipe and handgun gave Officer Rowe probable cause to search the passenger compartment of the vehicle, such that the container of marijuana and the methamphetamine were admissible under the probable cause exception to the search warrant requirement.

Addressing Snook's argument that the search of his automobile was not made incident to his arrest, the government responds that the Belton bright-line rule provides an alternative basis for upholding the district court's admission of the contraband.  More particularly, the government maintains that Snook was an occupant of his vehicle because he had been inside the vehicle immediately prior to the arrest and was standing only a few feet from his car when he was arrested.  E.g., United States v. Riedesel, 987 F.2d 1383, 1388-89 (8th Cir. 1993) (Riedesel)).  We agree.

It is well-settled that a court of appeals may affirm on any ground supported by the record. See, e.g., Phillips v. Marist Soc'y, 80 F.3d 274, 275 (8th Cir. 1996). We hold that the search of Snook's automobile was incident to his arrest and that the evidence found pursuant to that search was admissible on this basis.[5] The fact that Snook had just stepped out of his vehicle as the officer arrived and before his arrest does not alter his status as an "occupant" of the vehicle. The present case is similar to Belton, in which the police officer, after directing the suspects to get out of the car, "placed them under arrest . . . and split them up into separate areas of the Thruway." 453 U.S. at 456. The officer then picked up an envelope marked "super gold," found that it contained marijuana and proceeded to search the passenger compartment of the car. Id. Upon discovering a jacket belonging to Belton on the back seat, the officer opened one of the pockets and discovered cocaine. Id. The Supreme Court upheld the search as incident to a lawful arrest, although Belton had been standing outside the car at the time of his arrest. Id. at 460-61. See also Riedesel, 987 F.2d at 1389 (warrantless search of passenger compartment of defendant's automobile was justified as valid search incident to defendant's arrest, where defendant had been standing next to car at the time of his arrest and had asked of his own accord to re-enter car to lock the doors); United States v. McCrady, 774 F.2d 868, 871-72 (8th Cir. 1985) (warrantless search of passenger compartment of defendant's car immediately after defendant was arrested and placed in police car was a valid search incident to defendant's arrest).

In the present case, Snook had stepped out of his vehicle immediately before he was arrested by Officer Keenan. Thus, we hold that he was an occupant of his automobile at the time of his

_____

[5]We also believe the district court did not err in holding that the evidence was admissible under the plain view exception to the search warrant requirement.

arrest and the warrantless search of the passenger compartment of his car was justified as a search incident to his arrest. We therefore hold that the district court did not err in denying Snook's motion to suppress the evidence discovered in his vehicle.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.