1999 ND 163

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kimberly WANZEK, Defendant and Appellant.**

**No. 990053.**

Supreme Court of North Dakota.

Aug. 25, 1999.

Frederick R. Fremgen, Assistant State's Attorney, Jamestown, for plaintiff and appellee.

Thomas E. Merrick, Merrick & Mecklenberg Law Firm, Jamestown, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Kimberly K. Wanzek appealed from a district court judgment of conviction of possession of a controlled substance. Wanzek argues the trial court erred when it denied her motion to suppress evidence obtained during a search of her vehicle following her arrest. We affirm the conviction.

I

[¶ 2] Just after midnight on April 20, 1998, Officer Thomas Nagel of the Jamestown Police Department issued a parking ticket to a vehicle located in an alley. A license check revealed the owner of the vehicle, Wanzek, did not have a valid operator's license. As Officer Nagel was issuing a ticket, Wanzek approached. She appeared to have been drinking.

[¶ 3] About an hour later, Officers Nagel and Deitz were driving northbound and observed Wanzek's vehicle driving in front of their patrol car. The vehicle pulled off the roadway to park in front of an apartment building. The patrol car pulled

alongside Wanzek's vehicle. Officer Nagel recognized the driver as Wanzek. Officer Nagel testified at the suppression hearing, "[s]he (Wanzek) looked over at me, looked straight ahead, backed the vehicle up, and exited the vehicle." Officer Nagel then exited the patrol car and made contact with Wanzek at the rear door of her vehicle, on the driver's side. Wanzek was placed under arrest for driving under suspension and driving under the influence of alcohol and placed in the patrol car. At this point, Officer Nagel searched the passenger compartment of the car. He discovered a bag of marijuana in the glove compartment box.

[¶ 4] Wanzek was charged with possession of a controlled substance in violation of N.D.C.C. §§ 19–03.1–23(6) and 19–03.1–05(5)(t), a class A misdemeanor. Wanzek brought a motion to suppress the evidence found in the glove compartment, contending the search violated her Fourth Amendment rights and rights under Article I, Section 8 of the North Dakota Constitution. Following a hearing, the district court denied Wanzek's motion to suppress. After a trial, the jury found Wanzek guilty of possessing a controlled substance.

[¶ 5] Our standard of review of a trial court's denial of a suppression motion is well-established:

> We will defer to a trial court's findings of fact in the disposition of a motion to suppress. Conflicts in testimony will be resolved in favor of affirmance, as we recognize the trial court is in a superior position to assess credibility of witnesses and weigh the evidence. Generally, a trial court's decision to deny a motion to suppress will not be reversed if there is sufficient competent evidence capable of supporting the trial court's findings, and if its decision is not contrary to the manifest weight of the evidence.

*State v. Overby*, 1999 ND 47, ¶ 5, 590 N.W.2d 703 (quoting *State v. Kitchen*, 1997 ND 241, ¶ 11, 572 N.W.2d 106). "While we defer to the trial court's findings of fact, questions of law are fully reviewable." *Id.*

[¶ 6] No challenge has been made to the validity of Wanzek's arrest. The only issue before us is the validity of a warrantless search of the passenger compartment of a vehicle driven by an arrestee who has voluntarily exited the vehicle prior to her arrest. This precise issue appears to be one of first impression in the state of North Dakota.

II

[¶ 7] The Fourth Amendment of the United States Constitution, applicable to the states through the Fourteenth Amendment, and Article I, Section 8 of the North Dakota Constitution, protect individuals from unreasonable searches and seizures. *State v. Lanctot*, 1998 ND 216, ¶ 5, 587 N.W.2d 568. Warrantless searches are unreasonable unless they fall within a recognized exception to the requirement for a search warrant. *Id.* One of the recognized exceptions is a search incident to a valid custodial arrest. *Id.*; *Overby*, at ¶ 7.

[¶ 8] The Supreme Court defined the scope of a search incident to arrest in *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), holding that an officer making a lawful custodial arrest may search the arrestee and the area within the arrestee's immediate control. In *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the Supreme Court explained the applicability of this rule to automobile searches, explaining,:

> While the *Chimel* case established that a search incident to an arrest may not stray beyond the area within the immediate control of the arrestee, courts have found no workable definition of 'the area within the immediate control of the arrestee' when that area arguably includes the interior of an automobile and the arrestee is its *recent occupant*.

(Emphasis added). The Court issued a "bright-line" rule to govern these searches: "when a policeman has made a lawful custodial arrest of the *occupant of an auto-*

*mobile,* he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id.* (Emphasis added). Under *Belton,* "the police may also examine the contents of any containers found within the passenger compartment." *Id.* at 460, 101 S.Ct. 2860. "Containers" includes both open and closed glove compartments. *Id.* at 460–61 n. 4, 101 S.Ct. 2860.

[¶ 9] We applied the warrant exception outlined in *Belton. See State v. Olson,* 1998 ND 41, ¶ 13, 575 N.W.2d 649; *State v. Erbele,* 554 N.W.2d 448, 451 (N.D. 1996). Furthermore, we have held the search of an automobile is generally reasonable even if the defendant has already been removed from the automobile to be searched and is under the control of the officers. *See State v. Hensel,* 417 N.W.2d 849, 853 (N.D.1988).

[¶ 10] Wanzek was arrested at the rear door of her car. She contends that because she was arrested outside her vehicle, and was not an occupant at the time of her arrest, the search of her vehicle was not a lawful search incident to arrest. Accordingly, she argues *Chimel,* rather than *Belton,* applies to the facts in the present case. We, however, believe the facts in the present case clearly fall within the *Belton* rule.

[¶ 11] In *Belton,* a police officer stopped a vehicle, in which Belton was a passenger, for speeding. *Belton,* 453 U.S. at 455, 101 S.Ct. 2860. The officer asked to see identification and registration and discovered none of the vehicle's occupants owned the vehicle. *Id.* The officer saw an envelope on the vehicle's floor which he associated with marijuana and he could smell burnt marijuana. *Id.* at 455–56, 101 S.Ct. 2860. He directed the vehicle's occupants to get out of the automobile and placed them under arrest for possession of marijuana. *Id.* at 456, 101 S.Ct. 2860. Following the arrests, the officer searched the interior passenger compartment of the vehicle. *Id.* During the search, the officer found cocaine in the pocket of Belton's jacket which had been lying on the back seat of the vehicle. *Id.* Applying the "bright-line" rule, the Supreme Court upheld the search of the passenger compartment of the vehicle, although Belton had been standing outside the car at the time of his arrest. *Id.* at 460, 101 S.Ct. 2860. In reaching this conclusion, the Supreme Court used both the terms "occupant" and "recent occupant." *See id.* at 460, 101 S.Ct. 2860.

[¶ 12] We recognize other courts which have decided whether an arrestee is an occupant or recent occupant of a vehicle when they have voluntarily exited the vehicle reached various conclusions.

[¶ 13] Some jurisdictions determined an arrestee is only an occupant of a vehicle, under *Belton,* when the police officer arrests or makes initial contact with the defendant while the defendant is inside the vehicle. *See, e.g., United States v. Hudgins,* 52 F.3d 115, 119 (6th Cir.1995), *cert. denied,* 516 U.S. 891, 116 S.Ct. 237, 133 L.Ed.2d 165 (1995) (refusing to apply *Belton's* "bright-line" rule where the arrestee has voluntarily exited the vehicle and begun walking away from the vehicle before officers initiated contact with the arrestee); *United States v. Strahan,* 984 F.2d 155, 159 (6th Cir.1993) (applying *Chimel* immediate control test, rather than *Belton* where defendant was approximately 30 feet away from his vehicle when confronted and arrested by officers); *Lewis v. United States,* 632 A.2d 383, 386 (D.C.Cir. 1993) (concluding *Belton* is confined to cases where the police confront or signal confrontation while a person is an occupant of a vehicle); *United States v. Fafowora,* 865 F.2d 360, 362 (D.C.Cir.1989), *cert. denied,* 493 U.S. 829, 110 S.Ct. 98, 107 L.Ed.2d 62 (1989) (concluding *Belton's* "bright-line" rule does not apply where police come across the defendant outside the vehicle because no ambiguity exists as to what is in the defendant's immediate area of control); *State v. Foster,* 127 Idaho 723, 905 P.2d 1032, 1038–39 (Ct.App.1995) (concluding *Belton* was inapplicable where defendant voluntarily left his vehicle and walked to a duplex entrance before coming

into contact with police); *People v. Fernengel,* 216 Mich.App. 420, 549 N.W.2d 361, 363 (1996) (refusing to apply *Belton* where defendant left van voluntarily and was not arrested until he was 25 feet away from vehicle).

[¶ 14] Other jurisdictions define "occupant" more broadly allowing the search of a vehicle incident to arrest where the arrested individual was a recent occupant and the arrest was made near the vehicle, although there was no police contact prior to the arrestee exiting the vehicle. *United States v. Snook,* 88 F.3d 605, 608 (8th Cir.1996) (determining arrestee was an occupant of the vehicle under *Belton* where arrestee had voluntarily stepped out of the car as police arrived); *United States v. Willis,* 37 F.3d 313, 317 (7th Cir.1994) (concluding arrestee was an occupant and applying *Belton* where officer saw arrestee sitting inside an automobile and then squatting at the rear of it, and arrested him next to the vehicle); *United States v. Franco,* 981 F.2d 470, 472–73 (10th Cir. 1992) (finding search of defendant's car was valid under *Belton* because defendant was a recent occupant of his vehicle even though officers arrested him in a government truck which was in close proximity to his car); *United States v. Arango,* 879 F.2d 1501, 1506 (7th Cir.1989), *cert. denied,* 493 U.S. 1069, 110 S.Ct. 1111, 107 L.Ed.2d 1019 (1990) (holding driver who was detained by police while walking away from automobile, then fled, was arrested one block from vehicle, and was returned to vehicle by police, was a recent occupant under *Belton* ); *People v. Savedra,* 907 P.2d 596, 599 (Colo.1995) (concluding *"Belton* can include situations where the occupant of a vehicle anticipates police contact and exits the vehicle immediately before that contact occurs."); *State v. McLendon,* 490 So.2d 1308, 1310 (Fla.Ct.App.1986) (applying *Belton* "bright-line" rule to vehicle search where the driver voluntarily exited vehicle and was arrested inside a gas station); *People v. Bosnak,* 262 Ill. App.3d 122, 199 Ill.Dec. 331, 633 N.E.2d 1322, 1326–27 (1994) (applying *Belton* rule where the police followed the defendant's vehicle, but did not initiate contact until he parked and walked approximately 10 yards away from the vehicle); *Glasco v. Commonwealth,* 257 Va. 433, 513 S.E.2d 137, 141–42 (1999) (concluding defendant who had parked vehicle, voluntarily exited and was walking across the street was a recent occupant under *Belton* ).

[¶ 15] We are not persuaded by the line of cases which hold an arrestee is an occupant only when arrested inside the vehicle or where the police initiate contact with the arrestee before the arrestee exits the vehicle. In our view, these decisions undermine the purposes behind the "bright-line" rule established in *Belton.* The purposes behind *Belton* were two-fold: to create a single familiar standard to guide police officers in automobile searches and to eliminate the need for litigation in every case to determine whether the passenger compartment of the vehicle is within the scope of a search incident to arrest. *McLendon,* 490 So.2d at 1310; *Glasco,* 513 S.E.2d at 141. Furthermore, these decisions raise grave public policy issues because they create serious concerns for the safety of officers and others. By drawing a distinction between an occupant and a recent occupant of a vehicle, we would encourage individuals to avoid lawful searches of their vehicles by rapidly exiting or moving away from the vehicle as officers approached. *See, e.g., Bosnak,* 199 Ill.Dec. 331, 633 N.E.2d at 1326. Police officers should not have to race from their vehicles to the arrestee's vehicle to prevent the arrestee from getting out of the vehicle in order to conduct a valid search. *State v. Gonzalez,* 1 Neb.App. 47, 487 N.W.2d 567, 572 (1992). If *Belton* is read to preclude searches where police contact occurs after the suspect exits the vehicle, suspects could conceal evidence and weapons by merely stepping outside the vehicle whenever they saw an officer approaching. *Savedra,* 907 P.2d at 600; *Glasco,* 513 S.E.2d at 142.

[¶ 16] We do not believe the facts in this case bar the application of *Belton.*

Wanzek stepped out of her car immediately before she was arrested by Officer Nagel. Furthermore, she was arrested at the rear of her car and for an offense directly related to her occupancy in the vehicle. The fact that Wanzek was not physically present in her car when Officer Nagel made the arrest does not mean she was not an occupant of the vehicle. Similar to the present case, the defendant in *Belton,* like Wanzek, was not inside the automobile at the time of arrest.

[¶ 17] Recently this Court quoted *Rawlings v. Kentucky,* 448 U.S. 98, 111, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980) that " '[w]here the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa' so long as the fruits of the search were 'not necessary to support probable cause to arrest.' *Id.* n. 6." *Overby,* at ¶ 8. So too, here, where the officer had probable cause to arrest Wanzek when she was in the automobile and to search the automobile as a search incident to arrest, the fact the arrest followed quickly on the heels of Wanzek's exiting the vehicle and while she was by the rear door of the automobile, rather than while Wanzek was in the automobile, is not particularly important.

[¶ 18] We, therefore, conclude that because Wanzek was a recent occupant of the automobile at the time of her arrest, the search of her car was a proper search incident to arrest. We hold the district court did not err in denying Wanzek's motion to suppress the evidence discovered in her vehicle.

### III

[¶ 19] Wanzek asserts that even if the search is determined valid under the Federal Constitution, we should hold that the vehicle search violated Article 1, Section 8 of the North Dakota Constitution. "It is axiomatic our state constitution may provide greater protections than its federal counterpart." *State v. Herrick,* 1999 ND 1, ¶ 22, 588 N.W.2d 847 (citing *State v. Ringquist,* 433 N.W.2d 207, 212 (N.D.

1988); *State v. Matthews,* 216 N.W.2d 90, 99 (N.D.1974)).

[¶ 20] Both parties submitted well-developed briefs discussing whether Article I, Section 8 of the North Dakota Constitution affords Wanzek greater protection than provided by the Fourth Amendment to the United States Constitution. However, we need not decide whether to apply the state and federal constitutions differently because this is not a case where we would reach a different result. In this case, where the distinction is merely between the arrest of a person in the car and an arrest of a person recently vacating the car, we refuse to apply the North Dakota Constitution differently than the Federal Constitution.

[¶ 21] On the facts of this case, Wanzek's rights under the state constitution are identical with her rights under the federal constitution.

### IV

[¶ 22] Accordingly, we hold that the search of Wanzek's vehicle was a lawful search incident to arrest and did not violate the Fourth Amendment of the United States Constitution nor Article I, Section 8 of the North Dakota Constitution. The district court properly denied Wanzek's motion to suppress the evidence discovered in her vehicle and we affirm the judgment.

[¶ 23] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.