# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1168

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Clint L. Ball, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 23, 2011
Filed:  November 7, 2011

_____

Before RILEY, Chief Judge, COLLOTON and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Clint L. Ball was convicted of conspiracy to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and being an unlawful user of controlled substances in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). We previously affirmed the district court's[1] denial of Ball's motion to suppress evidence obtained as a result of a warrantless automobile search. See United States v. Ball, 499 F.3d 890 (8th Cir. 2007) (Ball I),

_____

[1] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

vacated, <u>Ball v. United States</u>, ___ U.S. ___, 129 S. Ct. 2049 (2009) (<u>Ball II</u>).  We affirmed, holding the search was a lawful search incident to a vehicle arrest under the precedent of <u>New York v. Belton</u>, 453 U.S. 454, 460 (1981).  <u>Ball I</u>, 499 F.3d at 896-97.

After our decision in <u>Ball I</u>, the United States Supreme Court clarified and limited the scope of the <u>Belton</u> automobile search exception.  <u>See</u> <u>Arizona v. Gant</u>, 556 U.S. 332 (2009).  The Supreme Court then vacated our decision in <u>Ball I</u>.  We remanded the case to the district court for further consideration.  <u>See</u> <u>United States v. Ball</u>, 334 F. App'x 44 (8th Cir. 2009) (<u>Ball III</u>).

On remand, the district court found the automobile search to be constitutional because the circumstances provided reasonable suspicion the vehicle contained evidence of the crime for which Ball was arrested.  <u>See</u> <u>Gant</u>, 556 U.S. at ___, 129 S. Ct. at 1714.  We affirm on other grounds.  <u>See</u> <u>Woods v. DaimlerChrysler Corp.</u>, 409 F.3d 984, 990 (8th Cir. 2005) (explaining a district court order may be affirmed on any basis supported by the record).

In <u>Davis v. United States</u>, ___ U.S. ___, 131 S. Ct. 2419 (2011), the Supreme Court held the exclusionary rule does not prohibit introducing evidence obtained in an otherwise unconstitutional search so long as the police acted in "objectively reasonable reliance on binding appellate precedent."  <u>Id</u>. at 2434.

Our decision in <u>Ball I</u> demonstrates the search of Ball's car was consistent with our longstanding interpretation of the vehicle search-incident-to-arrest exception.  <u>See</u>, e.g., <u>United States v. Snook</u>, 88 F.3d 605, 606-08 (8th Cir. 1996) (upholding a warrantless vehicle search contemporaneous to an arrest based on an outstanding warrant for assault where the arrestee was secured in the back of a police vehicle).  Assuming, without deciding, the search of Ball's vehicle was unconstitutional under

Gant, Ball is not entitled to exclusion of the evidence, because, under Davis, the police officers reasonably relied on binding appellate precedent such as Snook.

We therefore affirm, expressing no opinion regarding the constitutionality of the search or any other issue raised by the parties.

_____