COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons and Frank
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                   MEMORANDUM OPINION[*] BY
v.    Record No. 0418-99-1      JUDGE JERE M. H. WILLIS, JR.
                                        JULY 20, 1999
SCOTT HUNTER HORTON


           FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                       Robert W. Curran, Judge

           Eugene Murphy, Assistant Attorney General
           (Mark L. Earley, Attorney General; Ruth M.
           McKeaney, Assistant Attorney General, on
           brief), for appellant.

           Erin J. Goodman (George Holton Yates &
           Associates, P.C., on brief), for appellee.


     On appeal from an order suppressing evidence obtained in

the search of a vehicle, the Commonwealth contends that the

search was lawful because it was incident to the arrest of the

vehicle's occupants.  We agree and reverse the judgment of the

trial court.

     "We view the evidence in a light most favorable to . . .

the prevailing party below, and we grant all reasonable

inferences fairly deducible from that evidence."  Commonwealth

v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

--------------------------------

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On July 15, 1998, police officers executed a search warrant at a residence in Newport News. During the search, Officer Bell and Detective Price received telephone calls from Robert and Amy Price (the Prices), inquiring about the purchase of drugs. The officers encouraged the couple to come to the house.

Soon thereafter, a Ford Bronco driven by Scott Hunter Horton arrived and parked on the public street in front of the residence. The Prices, who were passengers in the Bronco, got out and walked up to the house. They were met on the porch by Detective Price, who was posing as a drug dealer. The three spoke for a moment and then entered the house, where the officers identified themselves and arrested the Prices.

Upon the Prices' arrest, Detective Price approached the Bronco, identified himself to Horton, explained the situation, and requested permission to search the vehicle. Horton replied, "I'd rather you did not." At the same time, Sergeant Trawitzki approached the vehicle and informed Horton that he was going to search the vehicle's passenger compartment incident to the Prices' arrest, but that Horton was free to leave.

Upon searching the vehicle, the officers found in the rear passenger seat a backpack belonging to Horton that contained drugs. Horton was charged with possession of marijuana with intent to distribute, in violation of Code § 18.2-248.1, and possession of cocaine with intent to distribute, in violation of Code § 18.2-248.

-

Holding that the warrantless search of the Bronco violated Horton's Fourth Amendment rights, the trial court granted his motion to suppress as evidence the drugs found in the search. The Commonwealth argues that the search was lawful because it was incident to the arrest of occupants of the vehicle. We agree.

> [W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.

New York v. Belton, 453 U.S. 454, 460 (1981). This rule applies whether the occupant arrested is the driver or a passenger. See United States v. Ortiz, 63 F.3d 952, 954 (1995).

The Prices were placed under lawful custodial arrest after they attempted to purchase drugs from the police officers. Immediately prior to their arrest, they had been passengers in the Bronco driven by Horton. The issue raised in this appeal is whether the search of the Bronco was made "as a contemporaneous incident of" the Prices' arrest. We hold that it was.

The fact that the Prices were taken into custody before the search does not alter the foregoing rule. See Glasco v. Commonwealth, 257 Va. 433, 438-39, 513 S.E.2d 137, 140 (1999).

> "A police officer may search the passenger compartment of an automobile incident to the lawful custodial arrest . . . even if the arrestee has been separated from his car prior to the search."

-

Id. at 438, 513 S.E.2d at 140 (citation omitted).  In Glasco, the police officer initiated contact after Glasco had exited his vehicle and was walking toward a house across the street.  The police searched the vehicle after arresting Glasco and securing him in the rear of a police cruiser.

> "[O]fficers may conduct valid searches incident to arrest even when the officers have secured the suspects in a squad car and rendered them unable to reach any weapon or destroy evidence."

Id. at 439, 513 S.E.2d at 140 (citation omitted).

In White v. Commonwealth, 24 Va. App. 446, 482 S.E.2d 876 (1997), White had pulled into a driveway and begun walking rapidly away from his car before the police officer initiated contact with him.  Upholding the search of White's car, we said:

> Subsequent to his custodial arrest, the passenger compartment of the vehicle of which he had been a "recent occupant" was searched, producing a plastic bag containing crack cocaine.  The search was performed pursuant to a lawful custodial arrest and was contemporaneous with the arrest.

Id. at 451, 482 S.E.2d at 878.

The search of Horton's vehicle flowed immediately and without temporal disruption from the Prices' arrest.  Because the Prices were occupants of the vehicle and the search was a contemporaneous incident of their arrest, the search was lawful, and the trial court erred in granting Horton's motion to suppress.

-

The judgment of the trial court is reversed.

<u>Reversed.</u>
