COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Elder and Senior Judge Cole
Argued at Richmond, Virginia


SHANNON DETRICK CASON
                                        OPINION BY
v.    Record No. 2331-99-1              JUDGE LARRY G. ELDER
                                        JULY 11, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                 H. Thomas Padrick, Jr., Judge

        Richard C. Clark, Senior Assistant Public
        Defender (Office of the Public Defender, on
        brief), for appellant.

        Leah A. Darron, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Shannon Detrick Cason (appellant) appeals from his jury

trial convictions for one count each of statutory burglary,

possession of burglary tools, and grand larceny. On appeal, he

contends the trial court erroneously denied his motion to

suppress items seized during a search of his moped. He argues

no evidence established that, at the time of his arrest, he had

been a "recent occupant" of the moped, as required to justify a

warrantless search of the moped incident to arrest. We hold

that the circumstantial evidence was sufficient to establish

appellant's "recent occupancy" of the moped and that, for this

reason, the search did not violate the Fourth Amendment.

Therefore, we affirm appellant's convictions.

I.

FACTS

On November 11, 1998, Virginia Beach Police Officer William Matos responded to a call of "shots [being] fired" into the air by "a young black male." When he arrived at the scene, he observed "two subjects that matched the description on the call that we received." Appellant was one of those two subjects. When Matos first arrived, he saw appellant "coming around [a small] corner and just standing there" with another person next to a fence. Appellant was holding a motorcycle helmet, but Matos did not see a motorcycle or moped. Officer Matos told appellant "what was going on and why he was there and that [he] need[ed] to pat [appellant] down for weapons." Appellant "said, Okay." Matos patted appellant down and recovered a pocketknife from his pocket. At some point after Matos arrived, a "third subject" came out of an apartment building and joined appellant and his companion.

Thereafter, Matos learned of an outstanding "pick-up order from juvenile court" for appellant. Matos took appellant into custody on the order and placed him in handcuffs. Officer R.J. Michael then arrived on the scene. As Matos and Michael were walking appellant toward Michael's vehicle, appellant said, "Hold on. I need to give my moped to my friend. My moped is in the yard." After putting appellant in the back seat of Michael's vehicle, Matos asked appellant where the moped was

-

located.  Appellant responded that it was in the backyard, "not more than twenty-five, thirty feet from this yard."  Matos also said the distance from where appellant was "in the back seat of the car to the back yard where the moped was brought out from [was] approximately fifty to seventy-five feet."

Matos "called [to] one of [appellant's] friends and said, Hey, does he have a moped in the back yard?  The guy said, Yes," retrieved the moped and brought it to Officer Matos.  When retrieving the moped, appellant's friend went in "the same general direction" from which appellant had come when Matos first saw appellant approaching the scene.  Matos did not see appellant with the moped and first saw it when appellant's friend retrieved it and brought it to Matos.

Matos began searching the moped without asking appellant for permission.  When Matos had trouble opening the moped's under-seat "compartment," he asked appellant for help, and appellant told him how to open it.  Inside the compartment, Matos found a flashlight, pry bar, and an old coin.  Matos said he searched the compartment because the original call to which he responded was for "shots fired."  He testified that for his own safety and the safety of the citizens in the area, he wanted to make sure there was no gun in appellant's moped before he turned it over to appellant's friend.  Appellant originally said the moped belonged to him, but when Matos asked him if he was sure he wanted Matos to give the moped to the other person,

-

appellant said, "yeah, that it was partly his [friend's] anyway," because he and the friend had each paid for one-half the moped.

Appellant was charged with statutory burglary, possession of burglary tools, and grand larceny from Dennis Wyand.[1]

Prior to trial, appellant moved to suppress the items seized from the moped. He argued that the "search-incident-to-arrest" exception to the warrant requirement did not apply because the evidence did not establish appellant's recent occupancy of the moped. Appellant also argued that he did not consent to the search and that the search exceeded the scope of the original pat-down of appellant for weapons. The prosecutor argued that appellant's possession of the motorcycle helmet and his admission that the moped was his were sufficient to prove he was a recent occupant. He also argued that exigent circumstances justified the search in light of the fact that Officer Matos responded to a shots fired complaint and that appellant fit the description of the shooter.

---

[1] Appellant also was indicted for two additional counts of grand larceny, one based on the theft of a firearm belonging to Tamela Wyand and the other on the theft of other property from Tamela Wyand having a value of $200 or more. The trial court granted appellant's motion to strike the evidence on the grand larceny charge involving the firearm, and the jury acquitted appellant of the grand larceny of other property from Tamela Wyand.

-

The trial court denied the motion to suppress, ruling, inter alia, that the evidence established appellant was in recent possession of the moped.

II.

ANALYSIS

At a hearing on a defendant's motion to suppress, the Commonwealth has the burden of proving that the challenged action did not violate the defendant's constitutional rights. See Simmons v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989). On appeal, we view the evidence in the light most favorable to the prevailing party, here the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996)). However, we review de novo the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case. See Ornelas, 517 U.S. at 699, 116 S. Ct. at 1663.

-

Pursuant to <u>Chimel v. California</u>, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969), an arresting officer may

> "search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. . . .  In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction.  And the area into which an arrestee might reach in order to grab a weapon or evidentiary item must, of course, be governed by a like rule."

<u>Glasco v. Commonwealth</u>, 257 Va. 433, 437, 513 S.E.2d 137, 139 (1999) (quoting <u>Chimel</u>, 395 U.S. at 763, 89 S. Ct. at 2040).

In the years following <u>Chimel</u>, the Court recognized the difficulty in applying its holding to cases involving the search of a vehicle incident to arrest.  <u>See</u> <u>id.</u>  As a result, in <u>New York v. Belton</u>, 453 U.S. 454, 101 S. Ct. 2860, 68 L. Ed. 2d 768 (1981), the Court "established a 'bright-line' rule to govern such searches:  'when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.'"  <u>Glasco</u>, 257 Va. at 437-38, 513 S.E.2d at 139-40 (quoting <u>Belton</u>, 453 U.S. at 460, 101 S. Ct. at 2864 (footnote omitted)).  Such a search may encompass "any containers found within the passenger compartment," including "closed or open glove compartments, consoles, or other receptacles."  <u>Belton</u>, 453 U.S. at 460 & n.4, 101 S. Ct. at 2864

-

& n.4.  The Court also has made clear that the arrestee need not be in the vehicle at the time of the arrest or incident search. See Glasco, 257 Va. at 438, 513 S.E.2d at 140.  Pursuant to Belton, "'officers may conduct valid searches incident to arrest even when the officers have secured the suspects in a squad car and rendered them unable to reach any weapon or destroy evidence.'"  Id. at 439, 513 S.E.2d at 140 (quoting United States v. Willis, 37 F.3d 313, 317 (7th Cir. 1994)).  As long as the arrestee is the "'recent occupant'" of the vehicle searched, the search does not violate the Fourth Amendment.  Id. at 437, 513 S.E.2d at 139 (quoting Belton, 453 U.S. at 460, 101 S. Ct. at 2864).  Finally, the Virginia Supreme Court has held that an arrestee is the "recent occupant" of a vehicle even if the police officer does not initiate contact until after the arrestee has left his vehicle and regardless of whether the arrestee was aware of the officer's presence prior to exiting the vehicle.  See id. at 440-41, 513 S.E.2d at 141-42 (recognizing a split of authority in that "[a] number of jurisdictions have held that an arrestee is an occupant of a vehicle only when the police officer arrests or at least initiates contact with the defendant while the defendant is inside the automobile").  Therefore, the only prerequisites to the lawful search of an automobile incident to arrest are that the search is contemporaneous with the arrest and the arrestee is a recent occupant of the vehicle.  See Glasco v.

-

Commonwealth, 26 Va. App. 763, 773, 497 S.E.2d 150, 154 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

Appellant contends the evidence is insufficient to establish his "recent occupancy" of the moped because Officer Matos did not see appellant "occupying" or operating the moped and established, at most, his joint ownership of the moped. We disagree.

Any fact which may be proved with direct evidence also may be established with circumstantial evidence. See Stultz v. Commonwealth, 6 Va. App. 439, 442-43, 369 S.E.2d 215, 217 (1988). However, when proof of guilt is based on circumstantial evidence, the evidence as a whole must exclude all reasonable hypotheses of innocence flowing from it. See Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Here, although Officer Matos did not see appellant on the moped as he approached the scene, the circumstantial evidence established that appellant had been in recent possession of the moped. Matos saw appellant, who was carrying a motorcycle helmet, approach from the location in a nearby yard where appellant later reported the moped was parked. Appellant described the location of the moped, indicated the moped was his and said he needed to give it to his friend, who shared ownership of the moped. Matos then observed one of appellant's friends retrieve the moped from the location where appellant had reported it was parked. The only reasonable hypothesis flowing

-

from this evidence is that appellant not only owned the moped but that he had been in recent possession of it.  He was carrying a motorcycle helmet, knew the moped's location, and voiced a need to transfer possession to his friend, the moped's co-owner.  In light of these facts, we hold the evidence supported the trial court's finding that appellant was in recent possession, thereby justifying Officer Matos' search of the moped incident to appellant's arrest.

    For these reasons, we affirm appellant's convictions.

<u>Affirmed.</u>

-