COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


ROY EDGAR MORRISETTE

                                    MEMORANDUM OPINION* BY
v.   Record No. 1648-99-1           JUDGE ROBERT J. HUMPHREYS
                                         AUGUST 8, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                 AND COUNTY OF JAMES CITY
               Samuel Taylor Powell, III, Judge

        Fredrick A. Reese (Horne, West & Luck, P.C.,
        on brief), for appellant.

        Eugene Murphy, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.

     Roy Edgar Morrisette appeals from his conviction in a bench

trial for driving on a suspended license.  The sole question on

appeal is whether the evidence was sufficient to establish that

Morrisette had notice that his driver's license was suspended.

For the reasons that follow, we find that the evidence was

sufficient and affirm his conviction.

                       I.  Background

     The parties are fully conversant with the facts of this

case, and this memorandum opinion recites only those facts

necessary to the disposition of this appeal.

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On December 13, 1998, Morrisette was involved in an accident with another vehicle. Morrisette left the scene of the accident after it occurred. Morrisette was then stopped by a police officer shortly after driving away from the accident scene. During the traffic stop, the police officer determined that Morrisette's driver's license was suspended and arrested Morrisette for driving on a suspended license.[1]

At trial, the prosecutor introduced an abstract of Morrisette's driving record from the Department of Motor Vehicles (DMV). At the conclusion of the Commonwealth's case-in-chief, Morrisette moved to strike the Commonwealth's evidence on the charge of driving with a suspended license, citing the failure of the Commonwealth to produce evidence that Morrisette had received notice of the suspension of his license. The prosecutor agreed that the Commonwealth "had not met its burden" with respect to the charge of driving on a suspended license. However, the trial court disagreed and directed the attention of counsel to the DMV abstract, in evidence as Commonwealth Exhibit 3, which reflected that Morrisette had been notified by District Court Form DC225, on November 17, 1998, that his license was suspended. The trial court then denied Morrisette's motion to strike.

---

[1] Morrisette was also arrested for driving under the influence of alcohol but his conviction of that offense is not part of this appeal.

-

                          II.  Analysis

     When the sufficiency of the evidence is challenged on

appeal, "we review the evidence in the light most favorable to

the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom."  Archer v. Commonwealth, 26 Va.

App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).  "We

will not reverse the judgment of the trial court, sitting as the

finder of fact in a bench trial, unless it is plainly wrong or

without evidence to support it."  Reynolds v. Commonwealth, 30

Va. App. 153, 163, 515 S.E.2d 808, 813 (1999) (citing Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

     Morrisette argues that the prosecutor's agreement with his

argument, that the Commonwealth had failed to prove Morrisette

received notice of the license suspension, constituted a

"stipulation" which the trial court was bound to accept.  We

disagree.

     The Supreme Court of Virginia has held that a stipulation

contemplates "an agreement between counsel respecting business

before a court."  Burke v. Gale, 193 Va. 130, 137, 67 S.E.2d

917, 920 (1951).  Stipulations ordinarily reflect agreements

between parties as to facts to be considered by the trier of

fact, without the necessity for further proof or further

foundation.  We have reviewed the context of the statement made

by the prosecutor and note that the DMV abstract was offered by

the prosecutor as an exhibit and admitted without objection by

                               -

the appellant.  We therefore find the statement of the prosecutor in this instance to be in the nature of a concession, involving a purely legal argument, rather than a factual agreement.  Turning to the effect of such a concession, the Supreme Court of Virginia has noted that, "concessions in respect to conclusions of law are not binding upon the parties or the court."  Glasco v. Commonwealth, 257 Va. 433, 447 n.7, 513 S.E.2d 137, 145 n.7 (1999) (Lacy, J. concurring) (citations omitted).

Morrisette's license was suspended for non-payment of fines pursuant to Code § 46.2-395(C1) which states:

> Whenever a person provides for payment of a fine, costs, forfeiture, restitution or penalty other than by cash and such provision for payment fails, the clerk of the court that convicted the person shall send to the person written notice of the failure and of the suspension of his license or privilege to drive in Virginia [District Court Form DC225].  The license suspension shall be effective ten days from the date of the notice.  The notice shall be effective notice of the suspension and of the person's ability to avoid the suspension by paying the full amount owed by cash, cashier's check or certified check prior to the effective date of the suspension if the notice is mailed by first class mail to the address provided by the person to the court pursuant to subsection C or § 19.2-354.

(Emphasis added).  The statute thus provides that the notice is sufficient as a matter of law when mailed.  Here, the DMV abstract clearly established that the notice was mailed on November 17, 1998, and since the abstract was admitted into

-

evidence without objection by Morrisette, the trier of fact was entitled to consider as evidence any pertinent information contained therein.

We therefore find, notwithstanding the concession by the prosecutor to the contrary, the trial court did not err in finding the evidence established Morrisette was on notice that his driver's license was suspended.

<u>Affirmed.</u>