COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


AARON NICHOLAS BROWN

                                              MEMORANDUM OPINION[*] BY
v.       Record No. 1749-03-2                 JUDGE ROBERT P. FRANK
                                                   MAY 4, 2004
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                           Thomas V. Warren, Judge

        Joseph M. Teefey, Jr. (Teefey & Teefey, on brief), for appellant.

        Alice T. Armstrong, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        Aaron Nicholas Brown (appellant) was convicted in a bench trial of one count of grand

larceny, in violation of Code § 18.2-95. On appeal, he contends the trial court erred in finding

the circumstantial evidence sufficient to convict. For the reasons stated, we affirm the judgment

of the trial court.

                                        BACKGROUND

        On the evening of September 4, 2002, appellant went to the home of Patrice Stokes and

fell asleep on the couch. When Stokes's mother came home from work at approximately

12:30 a.m., she and Stokes locked the doors and went to bed. They did not leave any windows

open, and they used the chain lock on the front door. Stokes's son also went to bed.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

When Stokes awoke at 7:30 a.m., her car keys, her cell phone, and her car[1] were gone. Appellant had disappeared, also. The front door was unlocked, and the chain on it "was taken off." When Stokes went to sleep, the keys and cell phone were on a table in the house.[2]

Stokes immediately reported the theft to the Blackstone Police Department. The police "put out a local BOL" for appellant and the car. They also notified the Chesterfield police because appellant's last known address was in Chesterfield County. Stokes's car was finally recovered at a Chesterfield County supermarket on October 23, 2002.

At trial, appellant argued, "somebody else [possibly] could be involved in this." In convicting appellant, the trial court opined:

> Mr. Brown, a couple of things are possible. It's possible that . . . Ms. Stokes took the car over to Chesterfield and then came back to her house for some reason.
>
> It's possible that her mother took the car over to Chesterfield, left [it] and came back.
>
> It's possible that an intruder came into, through [sic] a window and took the keys and the cell phone and went out the door, a stranger, a person we have never heard of.
>
> But I don't think any of those things are likely.
>
> I don't think that it's reasonable, that any of those things happened. What is most reasonable, nobody has to testify that they saw you pick the keys up, go out [to] the car, get in it, and drive off. It's a largely circumstantial case, but most of the possibilities, the reasonable possibilities, have been cut off by the Commonwealth's evidence.

---

[1] Stokes indicated the value of the stolen vehicle was $6,000.

[2] Appellant essentially concedes the car was stolen sometime between when Stokes went to bed and when she discovered it was missing in the morning.

- 2 -

ANALYSIS

Appellant contends a reasonable hypothesis of innocence existed, i.e., someone else could have stolen the vehicle. The Commonwealth argues our standard of review requires we affirm the conviction.

> Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom. We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Furthermore, if the evidence supports the conviction, this Court "'should not overrule it and substitute its own judgment, even if its opinion might differ'" from that of the fact finder. George v. Commonwealth, 242 Va. 264, 278, 411 S.E.2d 12, 20 (1991) (quoting Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961)). However, "suspicion or even probability of guilt is not sufficient. There must be an unbroken chain of circumstances 'proving the guilt of the accused to the "exclusion of any other rational hypothesis and to a moral certainty."'" Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971) (quoting Brown v. Commonwealth, 211 Va. 252, 255, 176 S.E.2d 813, 815 (1970)).

The fact that a larceny occurred is not in question. Appellant raises only the issue of agency, arguing, "the possibility [that] the automobile was stolen by another party is plausible and reasonable." He explains the Commonwealth never established the time when the vehicle was taken. Appellant suggests that, when he left, he unlocked the front door, left it unlocked, and departed. He claims, sometime after he left, someone else entered the house through the unlocked front door, took the car keys and cell phone "in plain view," and stole the car.

> Circumstantial evidence is sufficient to sustain a finding of guilt if it excludes those reasonable hypotheses of innocence that "flow from the evidence, not those that spring from the imagination of

- 3 -

the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a finding of fact, binding on appeal, unless plainly wrong. See Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

Davis v. Commonwealth, 39 Va. App. 96, 100, 570 S.E.2d 875, 877 (2002). The issue on appeal "is not whether 'there is some evidence to support' these hypotheses" of innocence. Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785, cert. denied, 124 S. Ct. 444 (2003). The issue on appeal is "whether a reasonable [fact finder], upon consideration of all the evidence," could reject an accused's theory and find him guilty "beyond a reasonable doubt." Id. Thus, our inquiry is whether the trial court, as fact finder, could reasonably have rejected appellant's theory that someone else stole the car.

The front door was locked at approximately 12:30 a.m., when Stokes and her family went to sleep. The windows were secured. Appellant was asleep on the couch. When Stokes awoke at approximately 7:30 a.m., the keys, the car, and appellant were gone. No one else was seen in the house, and no testimony suggested anyone else was heard in the house.

Appellant wants the fact finder to believe that some other person targeted Stokes's home, happened to find the door unlocked, entered the house, took the keys to Stokes's vehicle, and stole the car. The trial court reasonably rejected this hypothesis. Nothing in the record suggests such a scenario. We cannot say the trial court was wrong in rejecting this hypothesis "from the imagination" of appellant.

## CONCLUSION

We find the trial court did not err in convicting appellant of grand larceny.

Affirmed.