COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


DOUGLAS EUGENE RECTOR
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2975-05-4                      JUDGE LARRY G. ELDER
                                                    FEBRUARY 20, 2007
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       M. Langhorne Keith, Judge

        Michael G. Nye, Assistant Public Defender (Office of the Public
        Defender, on briefs), for appellant.

        Benjamin H. Katz, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Douglas Eugene Rector (appellant) appeals from his conviction for possession of cocaine.

On appeal, he contends the search of his vehicle incident to his arrest for a probation violation,

which yielded some of the cocaine on which his conviction was based, violated the Fourth

Amendment. He argues the United States Supreme Court's decision in Thornton v. United

States, 541 U.S. 615, 124 S. Ct. 2127, 158 L. Ed. 2d 905 (2004), compels the conclusion that,

because he was outside the vehicle when the officer approached and arrested him, the search of

his automobile incident to arrest was not reasonable. Thus, he contends, the trial court's denial

of his motion to suppress was reversible error. We hold established Fourth Amendment

precedent supports the trial court's ruling, and we affirm.

        An appellant's claim that evidence was seized in violation of the Fourth Amendment

"presents a mixed question of law and fact that we review de novo on appeal. In making such a

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

determination, we give deference to the factual findings of the trial court and independently determine whether the manner in which the evidence was obtained [violated] the Fourth Amendment." Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002) (citations omitted); see also Ornelas v. United States, 517 U.S. 690, 691, 699, 116 S. Ct. 1657, 1659, 1663, 134 L. Ed. 2d 911, 915, 920 (1996). An appellant has the burden to show that, when the evidence is considered in the light most favorable to the Commonwealth, the trial court's denial of his motion to suppress constituted reversible error. Murphy, 264 Va. at 573, 570 S.E.2d at 838.

It is well established that "a lawful custodial arrest creates a situation which justifies the contemporaneous search without a warrant of the person arrested and of the immediately surrounding areas." New York v. Belton, 453 U.S. 454, 457, 101 S. Ct. 2860, 2862, 69 L. Ed. 2d 768, 773 (1981) (citing Chimel v. California, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969)). As the United States Supreme Court has noted, "Such searches have long been considered valid because of the need 'to remove any weapons that [the arrestee] might seek to use in order to resist arrest or effect his escape' and the need to prevent the concealment or destruction of evidence." Id. (quoting Chimel, 395 U.S. at 763, 89 S. Ct. at 2040, 23 L. Ed. 2d at 694). However, the Court has repeatedly rejected "the suggestion that 'there must be litigated in each case the issue of whether or not there was present one of the reasons supporting the authority for a search of the person incident to a lawful arrest.'" Id. at 459, 101 S. Ct. at 2863, 69 L. Ed. 2d at 774 (quoting United States v. Robinson, 414 U.S. 218, 235, 94 S. Ct. 467, 477, 38 L. Ed. 2d 427, 440 (1973)); see id. at 461, 101 S. Ct. at 2864, 69 L. Ed. 2d at 775 (quoting Robinson, 414 U.S. at 223, 235-36, 94 S. Ct. at 471, 477, 38 L. Ed. 2d at 434, 440-41 (applying principle to validate search of container, a "'crumpled up cigarette package,'" found on arrestee's person)).

In <u>Belton</u>, due to the difficulties inherent in applying these principles in the context of arresting the occupant of a vehicle, the United States Supreme Court established a "'bright-line'" rule: "'[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.'" <u>Glasco v. Commonwealth</u>, 257 Va. 433, 437-38, 513 S.E.2d 137, 139-40 (1999) (quoting <u>Belton</u>, 453 U.S. at 460, 101 S. Ct. at 2864, 69 L. Ed. 2d at 775 (footnotes omitted)). Such a search may include "the contents of any containers found within the passenger compartment." <u>Belton</u>, 453 U.S. at 460, 101 S. Ct. at 2864, 69 L. Ed. 2d at 775. In adopting this bright-line rule, the Court recognized it was applying "the generalization that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact *generally, even if not inevitably*, within 'the area into which an arrestee might reach in order to grab a weapon or evidentiary [item].'" <u>Id.</u> (quoting <u>Chimel</u>, 395 U.S. at 763, 89 S. Ct. at 2040, 23 L. Ed. 2d at 694) (emphasis added).

The Virginia Supreme Court has interpreted "[t]he [United States] Supreme Court's purpose in enunciating the <u>Belton</u> 'bright-line' rule [as] twofold":

> [First,] [t]he Court wanted to create a straightforward definition of the area that is within the immediate control of the arrestee, thus providing "'[a] single familiar standard . . . to guide police officers, who have only limited time and expertise to reflect on and balance the social and individual interests involved in the specific circumstances they confront.'" <u>Belton</u>, 453 U.S. at 458[, 101 S. Ct. at 2863, 69 L. Ed. 2d at 774] (quoting <u>Dunaway v. New York</u>, 442 U.S. 200, 213-14, 99 S. Ct. 2248, 60 L. Ed. 2d 824 (1979)). [Second,] [*t]he Court . . . sought to eliminate the need for litigation in every case to determine whether the passenger compartment of a vehicle is within the scope of a search incident to arrest.* [State v.] McLendon, 490 So.2d [1308,] 1309-10 [(Fla. Dist. Ct. App. 1986)].

<u>Glasco</u>, 257 Va. at 440-41, 513 S.E.2d at 141 (emphasis added).

In keeping with this dual purpose, the Virginia Supreme Court has recognized and adopted the holdings of numerous federal and state appellate courts that the arrestee's absence from the vehicle at the time of the search is not dispositive:

> "A police officer may search the passenger compartment of an automobile incident to [a] lawful custodial arrest . . . even if the arrestee has been separated from his car prior to the search." United States v. Mans, 999 F.2d 966, 968-69 (6th Cir. 1993); accord United States v. Snook, 88 F.3d 605, 608 (8th Cir. 1996); United States v. Milton, 52 F.3d 78, 80 (4th Cir. 1995); United States v. Franco, 981 F.2d 470, 473 (10th Cir. 1992); United States v. Karlin, 852 F.2d 968, 971 (7th Cir. 1988).
>
> Similarly, . . . "[o]fficers may conduct valid searches incident to arrest even when the officers have secured the suspects in a squad car and *rendered them unable to reach any weapon or destroy evidence*." United States v. Willis, 37 F.3d 313, 317 (7th Cir. 1994); accord United States v. Patterson, 993 F.2d 121, 123 (6th Cir. 1993); United States v. Cotton, 751 F.2d 1146, 1149 (10th Cir. 1985); Gundrum v. State, 563 So. 2d 27, 28-29 (Ala. Crim. App. 1990); State v. Weathers, 506 S.E.2d 698, 699 (Ga. Ct. App. 1998); but see United States v. Vasey, 834 F.2d 782, 788 (9th Cir. 1987).

Id. at 438-39, 513 S.E.2d at 140 (emphasis added).

Finally, the United States Supreme Court held in Thornton that the bright-line rule of Belton, which referred to "both 'occupants' and 'recent occupants,'" applies to permit the search of the vehicle of an arrestee even where the arrestee exited the automobile voluntarily before the arresting officer initiated contact with him. Thornton, 541 U.S. at 620, 124 S. Ct. at 2131, 158 L. Ed. 2d at 913 (plurality op.); id. at 624-25, 124 S. Ct. at 2133, 158 L. Ed. 2d at 915 (O'Connor, J., concurring in all but footnote 4); see Glasco, 257 Va. at 440-41, 513 S.E.2d at 141-42 (applying Belton in 1999 to reach same conclusion as Thornton). It reasoned as follows:

> There is simply no basis to conclude that the span of the area generally within the arrestee's immediate control is determined by whether the arrestee exited the vehicle at the officer's direction, or whether the officer initiated contact with him while he remained in the car. . . .

- 4 -

In all relevant aspects, the arrest of a suspect who is next to a vehicle presents identical concerns regarding officer safety and destruction of evidence as the arrest of one who is inside the vehicle.

Thornton, 541 U.S. at 620-21, 124 S. Ct. at 2131, 158 L. Ed. 2d at 913. The Court again acknowledged that "not all contraband in the passenger compartment is likely to be readily accessible to a 'recent occupant'" and noted that, in Thornton, it was "unlikely that petitioner could have reached under the driver's seat for his gun once he was outside of his automobile." Id. at 622, 124 S. Ct. at 2132, 158 L. Ed. 2d at 914. However, it emphasized that "the firearm and the passenger compartment in general were no more inaccessible than were the contraband and the passenger compartment in Belton." Id. Finally, it reiterated,

[t]he need for a clear rule, readily understood by police officers and not depending on differing estimates of what items were or were not within reach of an arrestee at any particular moment, justified the sort of generalization which Belton enunciated. Once an officer determines that there is probable cause to make an arrest [of a vehicle's occupant or recent occupant], it is reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment.

Id. at 622-23, 124 S. Ct. at 2132, 158 L. Ed. 2d at 914.

To the extent some past or present members of the United States Supreme Court may believe Belton's reach is too broad, see id. at 625-32, 124 S. Ct. at 2133-38, 158 L. Ed. 2d at 915-20 (Scalia, J., joined by Ginsburg, J., concurring in the judgment) (opining that where arrestee is physically in custody, "Belton searches" should be "limit[ed] . . . to cases where it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle"); id. at 624-25, 124 S. Ct. at 2133, 158 L. Ed. 2d at 915 (O'Connor, J., concurring) (opining Scalia's concurrence "appears to be built on firmer ground"), a majority of the Court in Thornton expressly declined to consider whether "Belton should be limited 'to cases where it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle,'" id. at 624 n.4,

- 5 -

124 S. Ct. at 2132 n.4, 158 L. Ed. 2d at 915 n.4 (plurality op.); id. at 624-25, 124 S. Ct. at 2133, 158 L. Ed. 2d at 915 (O'Connor, J., concurring in all but footnote 4 of plurality opinion and noting her "reluctan[ce] to adopt [Justice Scalia's proposed limitations on Belton] in the context of a case in which neither the Government nor the petitioner has had a chance to speak to its merit").[1]

Thus, Thornton stands for the proposition that Belton's holding applies to a recent occupant of a vehicle even if that occupant has exited before the officer approaches, as long as the officer has probable cause to arrest. In appellant's case, appellant was driving his vehicle when Officer Gary Polowy first spotted him, but appellant pulled into a public parking lot and was standing within a few feet of the vehicle by the time Officer Polowy approached. Because the evidence supported a finding that appellant was a very recent occupant of the vehicle when Officer Polowy placed him under custodial arrest for a probation violation, Belton applied. See Thornton, 541 U.S. at 622-23, 124 S. Ct. at 2132, 158 L. Ed. 2d at 914; id. at 624-25, 124 S. Ct. at 2133, 158 L. Ed. 2d at 915 (O'Connor, J., concurring in all but footnote 4). Thus, under the Virginia Supreme Court's interpretation of Belton, which has not been overruled, Officer Polowy was entitled to search appellant's vehicle incident to that arrest. Glasco, 257 Va. at

---

[1] Other appellate courts agree with this interpretation. See United States v. Osife, 398 F.3d 1143, 1146-48 (9th Cir.) (discussing various opinions in Thornton and holding that majority "declined to upset [the Belton] rule" permitting search of vehicle incident to arrest of occupant or recent occupant, "which relies on the legal fiction that a suspect handcuffed and locked in a patrol car might escape and grab a weapon from the passenger compartment of his own car"), cert. denied, 126 S. Ct. 417, 163 L. Ed. 2d 318 (2005); State v. Scott, 200 S.W.3d 41, 43-44 & nn.1-2 (Mo. Ct. App. 2006) (en banc) (discussing Thornton and noting Justice Scalia's concurrence was merely a "*propos[al]*" that searches incident to arrest "be limited to situations in which it is reasonable to believe that evidence relevant to the crime of arrest might be found in the vehicle"); see also State v. Eckel, 888 A.2d 1266, 1271-72, 1275-77 (N.J. 2006) (acknowledging that Scalia's viewpoint in Thornton did not prevail but construing New Jersey Constitution to provide that "[o]nce the occupant of a vehicle has been arrested, removed and secured elsewhere, the considerations informing the search incident to arrest exception are absent and the exception is inapplicable").

440-41, 513 S.E.2d at 141-42 (applying Belton "bright-line" rule to permit search of vehicle incident to lawful custodial arrest of vehicle's recent occupant without regard to nature of offense for which arrest was made); see Cason v. Commonwealth, 32 Va. App. 728, 736, 530 S.E.2d 920, 924 (2000) ("[T]he only prerequisites to the lawful search of an automobile incident to arrest are that the search is contemporaneous with the arrest and the arrestee is a recent occupant of the vehicle." (citing Glasco v. Commonwealth, 26 Va. App. 763, 773, 497 S.E.2d 150, 154 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999)).

For these reasons, we hold the trial court's denial of appellant's motion to suppress was not error, and we affirm without considering appellant's alternative argument that the cocaine was not discovered pursuant to a valid inventory search.

Affirmed.