COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Alston and Senior Judge Annunziata
Argued at Salem, Virginia


BRIAN ANTHONY DOVE

                                                   MEMORANDUM OPINION[*] BY
v.        Record No. 0785-10-3          JUDGE ROSEMARIE ANNUNZIATA
                                                   JULY 19, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
David A. Melesco, Judge Designate

        J. Patterson Rogers, 3rd, for appellant.

        Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        Brian Anthony Dove (appellant) contends the trial court erred in finding the evidence was

sufficient to prove him guilty of committing grand larceny of an all terrain vehicle (ATV) in

violation of Code § 18.2-95.  He argues the evidence did not prove that the ATV recovered by the

police was the same vehicle taken from the victims or that he was the person who stole the ATV.

Finding no error, we affirm the trial court's decision.

                                              BACKGROUND

        Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779

(1999).  When addressing the sufficiency of the evidence, we "'presume the judgment of the trial

court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)).

On the morning of November 30, 2008, a green 2004 Yamaha ATV was discovered missing from an outdoor shelter on the Pittsylvania County property of Shirley and Billy Ramsey. The chain securing the ATV had been cut. The Ramseys purchased the ATV on December 1, 2004 for $3,500. The vehicle was in good condition when it was stolen.

On December 17, 2008, during the course of his investigation regarding the stolen ATV, Investigator Bo Johnson questioned Candance Perry, appellant's girlfriend. Perry said she had picked up appellant, who had no driver's license, at a location in a wooded area of Derby Road during the preceding weekend.

Johnson went to the Derby Road location Perry had described. After entering the woods, Johnson discovered a green Yamaha ATV. The vehicle was about fifty yards from the edge of the woods and about 100 yards from the roadway. Wires had been twisted together in the instrument panel of the ATV so that it could run without an ignition key. The location of the ATV in the woods on Derby Road was about two and one-half miles from the Ramseys' property. It was fifteen miles from Perry's home and four to five miles from the home of appellant's grandmother. Appellant stayed alternately at Perry's and his grandmother's homes.

Shirley and Billy Ramsey accompanied Johnson to the place where he found the ATV. The Ramseys identified the ATV in the woods as the same vehicle that had been stolen from them. When found in the woods, the gas tank of the ATV contained a mixture of gas and oil of a type used for boats. As a result, Billy Ramsey, initially, was unable to start the vehicle in the woods. However, after the improper fuel was removed from the ATV, Billy Ramsey used his key and started the vehicle.

A camouflage "fanny pack" was secured to the handlebars at the time the ATV was found. In the fanny pack, the police found an empty beer can that had been flattened and punctured in a manner characteristic of a homemade crack pipe. DNA testing proved that appellant could not be eliminated as a contributor to the genetic material found on the lip of the can.

On December 10, 2008, ten days after the Ramseys discovered the ATV missing from their property, Aaron Crouch saw a person of appellant's build standing beside an ATV in the vicinity of Crouch's Derby Road home. Crouch testified that the ATV resembled the one stolen from the Ramseys.

Also on December 10, 2008, Jamie Bailess discovered that a gas can containing marine fuel was missing from his shed at his home on Derby Road. The next day, Bailess found the gas can empty and hidden under leaves in the woods about 150 yards from the shed. Bailess lived less than a mile from where the police found the ATV.

Shirley Ramsey testified that the stolen ATV was a "350" model. Although Investigator Johnson testified that he thought the model number of the ATV was "349," photographs admitted into evidence corroborated Mrs. Ramsey's testimony, showing the model number of the recovered ATV to be "350."[1] Mrs. Ramsey noted that the condition of the ATV had been altered in that a portion of the gun rack on the front of the vehicle and a "bucket holder" on the rear had been removed from the vehicle.

Testifying in his own behalf, appellant stated that he did not take the Ramseys' ATV and had never seen it. Appellant admitted having nine prior felony convictions.

_____

[1] Billy Ramsey was deceased at the time of appellant's trial.

ANALYSIS

In every criminal case, the Commonwealth must prove the accused actually committed the crime charged. See Lew v. Commonwealth, 20 Va. App. 353, 355, 457 S.E.2d 392, 393 (1995). It is well established that circumstantial evidence is sufficient to support a conviction as long as it excludes every reasonable hypothesis of innocence. See Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "Circumstantial evidence is not viewed in isolation. 'While no single piece of evidence may be sufficient, the "combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion."'" Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (quoting Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991)). Further, "the Commonwealth need only exclude reasonable hypotheses that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a finding of fact, binding on appeal, unless plainly wrong. See Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

We find the evidence proved that the ATV Investigator Johnson discovered in the woods near Derby Road on December 17, 2008 was the same vehicle that was missing from the Ramseys' property on November 30, 2008. Mrs. Ramsey testified the ATV she and her husband owned was a Yamaha 350 model, and a photograph admitted into evidence proved it was dark green in color. Photographs established that the ATV the police found in the woods was a dark green Yamaha 350 model. Although some equipment was removed from the ATV after the theft, Mrs. Ramsey nonetheless identified the found vehicle as the one that belonged to her.

In addition, the evidence, though circumstantial, proved beyond a reasonable doubt that appellant was the person who committed the theft. Perry picked up appellant, who was not

- 4 -

permitted to drive, at a wooded area of Derby Road during the weekend before December 17, 2008. With this information, the police found the Ramseys' ATV in the woods near the Derby Road location Perry had described. The location of the ATV was only a few miles from the home of appellant's grandmother, where appellant stayed when he was not with Perry. In addition, the ATV was a few miles from the Ramseys' residence.

When the police discovered the ATV in the woods on Derby Road the vehicle was inoperable because it had been filled with improper fuel. The location of the ATV was about a mile from Bailess' home, where a can of marine gas had recently disappeared.

Most significantly, appellant's DNA was found on the crushed beer can in the pack attached to the handlebars of the stolen ATV. In addition, about ten days after the theft, Crouch saw someone who resembled appellant beside an ATV near Crouch's Derby Road home. The ATV looked like the one stolen from the Ramseys.

Although appellant testified he did not take the ATV, the trial court was entitled to reject this evidence. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). Moreover, the trial court was permitted to consider appellant's prior felony convictions in assessing his credibility. See Code § 19.2-269.

## CONCLUSION

Considered as a whole, the evidence excluded any reasonable hypothesis of innocence and proved beyond a reasonable doubt that appellant stole the Ramseys' ATV. Accordingly, we

do not disturb the trial court's decision that the evidence was sufficient to sustain appellant's grand larceny conviction.

Affirmed.